


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY RANDALL<br>**Plaintiff**<br>vs.<br>THE CITY OF PHILADELPHIA,<br>PHILADELPHIA POLICE OFFICER REYNOLDS,<br>BADGE NUMBER 4268; PHILADELPHIA POLICE<br>OFFICER LICIARDELLO, BADGE NUMBER 4383;<br>PHILADELPHIA POLICE OFFICER CUJDIK,<br>BADGE NUMBER 1574; PHILADELPHIA POLICE<br>OFFICER MCCUE, BADGE NUMBER 6628,<br>individually and as police officers for the City of Philadelphia<br><br>**Defendants** | **JURY TRIAL<br>DEMAND**<br><br>C.A.#04- CV 3748 |

**COMPLAINT**

FILED
AUG 6 - 2004
MICHAEL E. KUNZ Clerk
By_____ Dep. Clerk

## I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1331,1332 and 1343(1),(3),(4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

## II. PARTIES

2. Plaintiff, Gregory Randall is an adult male who was at all times relevant to this Complaint, a resident of Pennsylvania.

3. Defendant City of Philadelphia is a City of the First Class in the Commonwealth of Pennsylvania and at all times relevant hereto operated under the color of state law in creating and maintaining a Police Department, was the employer of all Defendants and had the responsibility of adopting policies, implementing



procedures and practices which would create an environment whereby citizens would be safe from police abuse.

4. Defendant Police Officer Reynolds, Badge number 4268, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

5. Defendant Police Officer Cujdik, Badge number 1574, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

6. Defendant Police Officer Liciardello, Badge number 4383, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

7. Defendant Police Officer McCue, Badge number 6628, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

**III. FACTS**

8. On September 16, 2003 Defendants claim that they received information from a confidential source that narcotics were being stored at the house of Plaintiff's son's mother located at 769 A North Preston Street, Philadelphia, Pennsylvania.

9. As a result of this information Defendant Cujdik obtained a search warrant for 769 A North Preston Street.

10. On September 25, 2003, Defendants executed search warrant #110499 at 769A North Preston Street.

11. Plaintiff was not present at the time of the search.

12. No narcotics or other contraband were confiscated. Defendants did confiscate a photograph of Plaintiff and his son.

13. Immediately following the search of 769A North Preston Street Defendants arrested Plaintiff as he was coming out of his house at 610 North Union Street, Philadelphia, Pennsylvania.

14. At the time of his arrest the Defendants claimed that they were arresting Plaintiff because there was an outstanding body warrant out for Plaintiff's arrest for assault and robbery. In fact there was no such warrant outstanding.

15. At the time of his arrest, Defendants confiscated $177.00 from Plaintiff. No narcotics or other contraband were confiscated from at the time of his arrest.

16. As a result of his arrest, Plaintiff was charged with narcotic related crimes of: CS13A30-Controlled Substance Act (Manufacture, Delivery); CS13A16-Controlled Substance Act (Knowingly and Intentional), CS13A31-Controlled Substance Act (Marijuana For Personal Use) and CC09030-Criminal Conspiracy.

17. Defendants made a high bail request and bail was set at $43,000.00.

18. As a result of his arrest Plaintiff was incarcerated.

19. On July 20, 2004 the Court dismissed all criminal charges against Plaintiff.

20. The foregoing conduct of the Defendants, acting under the color of state law, was undertaken in concert and conspiracy and as part of an effort in conducting an illegal search, unlawfully arresting Plaintiff, imprisoning him and maliciously prosecuting Mr. Randall and otherwise depriving Plaintiff of his civil and constitutional rights including Plaintiff's rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

21. At no time did Plaintiff commit any offense against the laws of the Commonwealth of Pennsylvania for which an arrest may be lawfully made. At no time did Plaintiff commit any illegal acts or engage in any conduct, which in any way justified the actions of all Defendant police officers.

22. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and pain and suffering, some or all of which may be permanent.

23. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and continues to suffer damage to his personal and business reputation.

24. As a direct and proximate result of the Defendants' actions, Plaintiff was arrested, incarcerated and maliciously prosecuted without just or probable cause.

25. The actions of Defendants were undertaken in a menacing and arbitrary manner, designed to cause Plaintiff fear, distress and embarrassment.

26. The acts of Defendants Reynolds, Liciardello, Cujdik and McCue were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and/or by conduct so egregious as to shock the conscience.

27. The acts and omissions of the undivided Defendants were committed without cautious regard to due care, and with such wanton and reckless disregard of the consequences as to show Defendants' indifference to the danger of harm and injury.

28. The individual Defendants conspired to deprive Plaintiff his constitutional rights.

29. Defendants Reynolds, Liciardello, Cujdik and McCue made statements to police, the district attorney and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny Plaintiff access to the Courts and to due process.

30. Defendants Reynolds, Liciardello, Cujdik and McCue engaged in the aforesaid conduct for the purpose of violating Plaintiff's constitutional rights by subjecting him to unreasonable search and seizure, depriving Plaintiff of property and liberty without due process of law, unlawfully arresting him, and attempting to deprive Plaintiff access to the Courts and to due process.

31. As a direct and proximate result of the Defendants' illegal and unconstitutional actions, Plaintiff suffered pain, fear, anxiety, embarrassment, loss of liberty, confinement, severe emotional trauma, and the loss of the enjoyment of life, all to his great detriment and loss.

32. As a direct and proximate cause of the Defendants' illegal and unconstitutional actions, Plaintiff suffered and continues to suffer financial loss and deprivation of other liberty interests to his great financial detriment and loss.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

33. The allegations set forth in paragraphs 1-32 inclusive, are incorporated herein as if fully set forth.

34. As a direct and proximate result of Defendants' above described unlawful and malicious conduct, committed under the color of state law, and while acting in that capacity, the Defendants deprived Plaintiff of the equal protection of the laws and Plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States. Plaintiff's right to be free from unreasonable searches and seizures, false arrest, false imprisonment, malicious prosecution, to be secure in one's person and property, to access to the Courts, and to due process and equal protection of the law, all to Plaintiff's great detriment and loss. As a result, Plaintiff suffered grievous harm, in violation of his rights under the laws and Constitution of the United States in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

35. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was forced to endure great pain and mental suffering, and was deprived of physical liberty, all to Plaintiff's great detriment and loss.

36. The City of Philadelphia permitted, encouraged, tolerated, ratified and was deliberately indifferent to a pattern, practice and custom of:

    a. Abuse of police powers, including false arrest, improper identification of suspects, improper use of "confidential information", harassment and improper searches;

    b. Psychologically or emotionally unfit persons serving as police officers;

and

c. Failure of police officers to prevent, deter, report or take action against the unlawful conduct of police officers under such circumstances as presented herein.

37. Defendant, City of Philadelphia was deliberately indifferent to the need to:

a. Test its officers for emotional and psychological fitness to serve as police officers;

b. Monitor officers whom it knew or should have known were suffering from emotional and/or psychological problems that impair their ability to function as police officers;

c. Train its police officers in the appropriate exercise of police powers;

d. Facilitated, encouraged, tolerated, ratified, and/or was deliberately indifferent to officers using their status as police officers to have persons falsely arrested, maliciously prosecuted, or to achieve ends not reasonably related to their police duties; and

e. Failure to properly train, supervise and discipline officer officers with regard to such police practices.

38. The City of Philadelphia was deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of:

a. Exercise of police powers;

b. Police officers with emotional or psychological problems;

c. Police officers use of their status as police officers to have persons falsely arrested, or to achieve ends not reasonably related to their police

duties; and

    d. False arrest, evidence planting, use of warrants for an improper cause, illegal use of informants and malicious prosecution of citizens.

39. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police officers, including the Defendant police officers in this case, to violate the rights of citizens such as Plaintiff.

40. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger or harm to citizens like the Plaintiff and the need for more or different training, investigation and discipline are policies and customs of the City of Philadelphia and have caused police officers, including Defendant police officers in this case, to believe that they can violate the rights of citizens, with impunity, including the use of fraud and falsehood and to believe that such conduct would be honestly and properly investigated, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

41. The actions of all Defendants, acting under the color of state law and/or in concert or conspiracy with each other, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in one's person and property, unlawful searches, malicious prosecution and from false arrest and to due process of law.

42. Defendants, City of Philadelphia and the individual named Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

43. By these actions, all Defendants have deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

44. Plaintiff hereby re-alleges paragraph 1-43 of this complaint, as though fully set forth herein.

45. The acts and conduct of all Defendants alleged in the above stated cause of action constitute false arrest, false imprisonment and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate said claims.

## PUNITIVE DAMAGES

46. Plaintiff re-alleges paragraphs 1-45 of this complaint as though fully set forth herein.

47. The conduct of the individual Defendants were outrageous, malicious, wanton, willful, reckless and intentionally designed to inflict harm upon Plaintiff.

48. As a result of the acts of the individual Defendants alleged in the preceding paragraphs, Plaintiff is entitled to punitive damages as to each cause of action.

## JURY DEMAND

49. Plaintiff demands a jury trial as to each Defendant and as to each count.

**WHEREFORE**, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. A declaratory judgment that the practices and policies complained of are unconstitutional;

d. Reasonable attorney's fees and costs; and

e. Such other and further relief as appears reasonable and just.

DATED: 8/6/04

_Michael Pileggi_
MICHAEL PILEGGI, ESQUIRE
303 Chestnut Street
Philadelphia, PA 19106
(215) 627-8516

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY RANDALL<br>**Plaintiff**<br>vs.<br>THE CITY OF PHILADELPHIA,<br>PHILADELPHIA POLICE OFFICER REYNOLDS,<br>BADGE NUMBER 4268; PHILADELPHIA POLICE<br>OFFICER LICIARDELLO, BADGE NUMBER 4383;<br>PHILADELPHIA POLICE OFFICER CUJDIK,<br>BADGE NUMBER 1574; PHILADELPHIA POLICE<br>OFFICER MCCUE, BADGE NUMBER 6628,<br>individually and as police officers for the City of Philadelphia<br><br>**Defendants** | JURY TRIAL<br>DEMAND<br><br><br><br>C.A.#04- |

### CERTIFICATION OF SERVICE

Michael Pileggi, Esquire, counsel for the plaintiff in the above matter, hereby certifies that he served a copy of Plaintiff's Complaint in the above matter, upon the following parties, by letter dated August 6, 2004, mailed by first class, postage prepaid, to the following address:

Lee Holliday, Claims Coordinator
One Parkway, 1515 Arch Street
15th Floor
Philadelphia, PA 19102-1595

*Michael Pileggi*
Michael Pileggi, Esquire
303 Chestnut Street
Philadelphia, PA 19106
215-627-8516
Counsel for Plaintiff